INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION ET AL. *v.* ESTATE OF GRIFFITH ET AL.

[No. 19,082. Filed February 27, 1959.]

*Edwin K. Steers,* Attorney General, *J. Van Brown* and *Charles D. Rodgers,* Deputy Attorneys General, for appellant.

*Samuel A. Fuller* and *Robert R. Girk,* both of Indianapolis, for appellees.

AX, J.—This appeal is from an action by the appellees brought for the purpose of the redetermination of the value of the estate and amount of inheritance tax due in the estate of a nonresident, pursuant to the provisions of the Acts of 1931, ch. 75, §20 and §21; Burns' Ind. Stat., §7-2420 and §7-2421, 1953 Repl., and subject to other provisions of the Inheritance Tax Law.

The issues were formed by the filing of appellees'

Petition For Redetermination Of The Value Of The Estate And Amount Of Inheritance Tax.

The sole issue thus formed resolved itself into the following question: Are or are not shares of stock in an Indiana corporation owned by a resident of the State of Georgia and located in the State of Georgia, exempt from inheritance tax of the State of Indiana under the reciprocity section of the Indiana Inheritance Tax Law, being Acts of 1931, ch. 75, §27 as found in Burns' Ind. Stat., §7-2427, 1953 Repl.?

The Probate Court of Marion County, Indiana, entered a judgment for the appellees to the effect that the shares of stock in the Indiana corporations owned by residents of the State of Georgia and located in the State of Georgia are not subject to inheritance taxation by the State of Indiana.

The error assigned before us is the trial court's action in overruling the appellant's motion for a new trial.

The appellant's motion for a new trial, omitting the formal caption, is as follows:

1. The decision of the Court is not sustained by sufficient evidence.

2. The decision of the Court is contrary to law.

Inasmuch as appellant's specifications in the motion for a new trial present substantially the same question, this Court will herein address its opinion to a consideration of both specifications.

The pertinent facts in this case are not disputed and were agreed to by a stipulation of facts filed in the trial of the cause.

The appellees concede in their brief that the State of Indiana had the right and jurisdiction to tax shares of stock in an Indiana corporation owned by a decedent

resident in the State of Georgia, *unless* some section of the Indiana Inheritance Tax Law exempted such shares from tax. It is the appellees' contention that Burns' Ind. Stat., §7-2427, 1953 Repl., granted such an exemption. The burden being upon appellees to prove such exemption, we will first list the pertinent points advocated by appellees.

This entire case rests upon the interpretation of said Burns' Ind. Stat., §7-2427, which provides:

> "Nonresidents' estates—Reciprocity—The tax imposed by the provisions of this act (§7-2401—§7-2422) in respect of personal property, except tangible personal property having an actual situs in this state, shall not be payable if the transferor at the time was a resident of a state or territory of the United States, or of any foreign country, which at said time of his death, by the laws of such state, territory or country of residence of the transferor contained a reciprocal exemption provision under which nonresidents were exempted from transfer taxes or death taxes of every character in respect of personal property, except tangible personal property having an actual situs therein: Provided, that the state, territory or country of residence of such nonresidents allowed a similar exemption to residents of the state, territory, or country of residence of such transferor. For the purpose of this section the District of Columbia and possessions of the United States shall be considered territories of the United States."

The appellees contend that Georgia in effect grants reciprocity by virtue of the following reasons, to-wit:

1. The laws of Georgia would not impose a tax on the value of shares in Georgia corporations owned by Indiana decedents; and

2. Omission to tax by the State of Georgia is equivalent to a reciprocal exemption provision as required by the Indiana Inheritance Tax Law.

In support of their first above-named reason, appel-

lees set forth the only pertinent statutory laws of Georgia pertaining to collection of inheritance taxes by the State of Georgia, which statutes are as follows:

Code of Georgia, 1933, §92-3401:

"Assessment and collection of 80 per centum of Federal estate tax as State tax; returns.—It shall be the duty of the legal representative of the estate of any person who may die a resident of this State, and whose estate is subject to the payment of a Federal estate tax, to file with the State Revenue Commission a duplicate of the return which he is required to make to the Federal authorities, for the purpose of having the estate taxes determined. When such duplicate is filed, the Commission shall compute the amount that would be due upon said return as Federal estate taxes under the Act of Congress relating to the levy and collection of Federal estate taxes upon the property of said estate taxable in Georgia, and assess against said estate as State taxes 80 per centum of the amount found to be due for Federal estate taxes: Provided, that if after the filing of a duplicate return and the assessment of the Federal estate tax, an amended return shall be filed with the State Revenue Commission showing all changes made in the original return and the amount of increase or decrease in the Federal estate tax, and the State Revenue Commission shall assess against said estate 80 per cent of the additional amount found to be due for Federal estate tax. In the event of a decrease in the Federal estate tax, the State shall refund to said estate its proportion of said decrease."

§92-3401.1:

"Nonresident decedents; amount of tax.—It shall be the duty of the legal representative of the estate of any person who may die a nonresident of this State but who owns or controls property located within this State, and whose estate is subject to the payment of a Federal estate tax, to file with the State Revenue Commissioner a duplicate of the return which he is required to make to the Federal authorities and pay a tax thereon as determined by §92-3401. The amount of the tax to be paid shall

be in proportion to the amount of property located in this State as compared to the total amount of property located elsewhere."

Appellees contend that the significant language in the last quoted section is "but who owns or controls property located within this state." They argue that the only logical construction of this section is that it refers to tangible personal property physically present in Georgia and intangible personal property which has acquired a business situs in Georgia. The appellees cite no case decided by the Courts of Georgia in support of their construction or interpretation that reciprocity exists in nonresidents' estates between Indiana and Georgia.

Appellees state in their brief "there is no question in this case that the State of Georgia has the *authority* or *power* with respect to stock in Georgia corporations owned by nonresident decedents; but the mere fact that Georgia has the *power* or *authority* does not mean that it has been exercised by the Georgia Legislature."

In further support of this first contention, in the absence of any Georgia laws or express grant of reciprocity by affirmative statement of the Georgia Legislature, in the trial of this action appellees introduced as undisputed evidence a letter by the Attorney General of Georgia to the effect that Georgia would not levy a similar tax in a reverse situation to the case herein, that is to say Georgia would not levy an inheritance tax upon an Indiana resident similarly situated. And, appellees further introduced in evidence undisputed testimony of a lawyer who was a member of the Bar of the State of Georgia to the effect that "the laws of Georgia did not permit or allow the taxation of stocks in the hands of a nonresident decedent's estate."

In support of their second above named reason for

their argument that the laws of Georgia grant reciprocity, namely, "omission to tax by the State of Georgia is equivalent to a reciprocal exemption provision as required by the Indiana Inheritance Tax Law," appellees propound the argument that "it was the legislative intent to avoid the evil of double taxation," and "that this intent should not be frustrated merely because the foreign state's laws are not identical in terms to the laws of the forum."

This Court agrees in principle with the appellees in abhoring the evils of double taxation—but, regardless of its sympathy, nevertheless, it must be bound to legal principles, and must of necessity give consideration to the full intent of the legislature in the interpretation of its statutes. The United States Supreme Court has upheld the proposition "that more than one state may impose an estate or inheritance tax on the same transfer without violating the Constitution." *State Tax Commission of Utah* v. *Aldrich* (1942), 316 U. S. 174; 62 S. Ct. 1008. And so, to adequately explain the reasoning of the Court in the case before us, which is without precedent in Indiana, we would like to point out the position taken by the appellant herein before explaining our opinion in this case.

In answer to the argument propounded by appellees, appellant argues that since both the appellees and appellant agree that Indiana has the right to levy an inheritance tax against appellees in this situation, *unless* the laws of Georgia grant a reciprocal exemption provision or allow a similar exemption, this has placed the burden upon appellees to prove that Georgia does grant a reciprocal exemption or allows a similar exemption, and this burden has not been met by appellees.

Appellant urges that no evidence of any nature was introduced "that the Estate Tax Law of Georgia con-

tains any section which grants a reciprocal exemption provision" or "allowed a similar exemption." Appellant also urges that any right to exemption would have to arise from the construction of the reciprocity section of the Indiana Inheritance Tax Law. We agree with these arguments.

In reaching a proper construction of the act and the intention of the legislature at the time of enactment in 1931, reference should be made to the Uniform Reciprocal Transfer Tax Act, which reads as follows, to-wit:

> "Personal Property of Nonresidents, Reciprocity in Taxation of. *The tax imposed by* Article ....) *in respect of personal property (except tangible personal property having an actual situs in this state) shall not be payable* (1) if the transferor is a resident of a state or territory of the United States which at the time of the transfer did not impose a transfer tax or death tax of any character in respect of personal property of residents of this state (except tangible personal property having an actual situs in such state or territory) or (2) *if the laws of the state or territory of residence of the transferor at the time of the transfer contained a reciprocal provision under which nonresidents were exempted from transfer tax or death taxes of every character in respect of personal property (except tangible personal property having an actual situs therein) provided the state or territory of residence of such nonresidents allowed a similar exemption to residents of the state or territory of residence of such transferor.* For the purposes of this section the District of Columbia, Porto Rico and the Philippine Islands shall be considered territories of the United States." (Our emphasis.) Uniform Laws Annotated, Vol. 9a, p. 259.

It should be noted that the above quoted Uniform Reciprocal Transfer Tax Act recommended two (2) alternative situations under which reciprocity should be recognized, as follows:

1. if the sister state does not impose a transfer or

death tax upon the personal property of residents of *this* state.

or

2. if the laws of the sister state contain a reciprocal provision exempting nonresidents.

The Uniform Reciprocal Transfer Act was approved by the National Conference of Commissioners of Uniform State Laws in 1928. Therefore, at the time of the enactment of the Indiana reciprocity section in 1931 the members of the legislature had access to this Uniform Act. That they did make reference to such act is evidenced by their having adopted Part (2) (as underlined above), using almost identical language. However, the situation provided by Part (1) of the Uniform Act is entirely omitted from the Indiana Act and such absence would indicate a deliberate intention on the part of the Indiana Legislature that the right of reciprocity as proposed by Part (1) be entirely deleted from the Indiana Inheritance Tax Law. The omitted portion refers to the right of reciprocity if the sister state does not impose a transfer tax or death tax of any character on personal property of nonresidents. By reason of such omission, the Indiana Legislature evidently intended that if the sister state did not have an express reciprocity exemption section, then the residents of such sister state would not be entitled to the benefits of our reciprocity section; that reciprocity by inference or by a complete failure to tax, would not comply with our reciprocity section sufficiently to grant residents of that sister state the benefit of our statute. Certainly the legislature considered this at the time of enactment and determined that it did not wish to expressly include the same. The State of Georgia does have an Estate Tax Law which is contained in the Stipulations, and such law does subject to

tax the property of nonresidents, but contains no reciprocal exemption provision. From this we draw the conclusion that the appellees, being residents of the State of Georgia, are not entitled to the benefits of an exemption on the basis of reciprocity.

As the consideration for authorizing the exemption of transfers of shares of stock in Indiana corporations owned by a resident of another state, the Indiana law requires the certainty and stability of "laws" containing "a reciprocal exemption provision" assuring Indiana residents of the exemption of transfers of shares of stock owned by them under similar circumstances. The requirement of the Indiana statute is not satisfied by the opinion of the Attorney General of Georgia, unsupported by such a law, which opinion (as in this case) is subject to reversal by successors in office or by case law of the Courts of Authority in Georgia without a corresponding change in the law.

Georgia, the state of domicile of appellees' decedent, has no such "law" containing a "reciprocal exemption provision," as required by the Indiana Inheritance Tax Act.

When the Indiana statute refers to "laws" of a sister state containing "a reciprocal exemption provision," it seems clear that such language refers to legislative enactments or the rulings of its courts.

"The law of a state is to be found in its statutory and constitutional enactments as interpreted by its courts and, in the absence of statute law, in the rulings of courts. Its laws are, in consequence, its statutes or written law, and its judge-made law or *leges non scripta*. 52 C. J. S., Law, p. 1025; also *Stoffel v. W. J. McCahan Sugar Refining & Molasses Co.* (1929), D. C. Pa., 35 F. 2d 602, 603.

In the case of *Chamberlain* v. *The City of Evansville* (1881), 77 Ind. 542, at page 550, the Supreme Court of Indiana stated that "law is a rule of action prescribed by the proper law-making authority."

In conclusion, it is the opinion of this Court that the mere omission of a state to levy a tax under a statute that gives them the right either to tax or not to tax is not in itself conclusive that such state is granting the reciprocity necessary for application of the reciprocity section of the Indiana Inheritance Tax Law, (Acts of 1931, ch. 75, §27 as found in Burns' Ind. Stat., §7-2427, 1953 Repl.) especially in the absence of any case law of such state.

It is also the opinion of this Court that the legislative intent of the aforesaid reciprocity section of the Indiana Inheritance Tax Law was that the state of domicile of the nonresident must affirmatively provide by laws duly enacted by the proper legislative authorities, or by rulings of its courts of authority, reciprocal exemption provisions under which nonresidents are exempted from transfer taxes or death taxes of every character in respect of personal property, except tangible personal property having an actual situs therein.

We are of the opinion that it is not the intent of our legislature that our Indiana Department of State Revenue shall be obligated to look further than the statutes or rulings of Courts of Authority of the state of domicile of a nonresident of Indiana whose estate is being subjected to tax in order to ascertain whether or not the laws of such state grant the reciprocity necessary for application of the aforementioned reciprocity section of the Indiana Inheritance Tax Law.

We are of the opinion, therefore, that the decision of the Court is not sustained by sufficient evidence and

is contrary to law. The facts not being disputed, a new trial would not serve to bring about any other conclusion in this case. Therefore, the judgment is reversed with instructions to the Court below to enter judgment for the appellant.

NOTE.—Reported in 156 N. E. 2d 395.