INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant (Defendant Below),

v.

AMERICAN NATIONAL BANK AND TRUST COMPANY, Trustee, Appellee (Plaintiff Below).

In the Matter of the ESTATE OF Mabel Bain HINKLE, Deceased, a Non-Resident.

No. 2–979A276.

Court of Appeals of Indiana, Second District.

April 14, 1981.
Rehearing Denied May 12, 1981.

Linley E. Pearson, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellant.

William H. Bales, Jr., Bales, Bales and Wenger, Muncie, for appellee.

SHIELDS, Judge.

This is an appeal by the Indiana Department of State Revenue, Inheritance Tax Division (Department) from a judgment entered in favor of the appellee, Estate of Mabel Bain Hinkle, Deceased, a Non-Resident, American National Bank and Trust Company, Trustee (Trustee).

Mabel Bain Hinkle, a California resident died the owner of intangible personal property in Indiana constituting the corpus of a trust, administered by Trustee, which the Department determined was subject to the Indiana inheritance tax. Trustee filed its complaint in the trial court contesting the Department's assessment and then filed a motion for summary judgment. The trial court agreed with Trustee that the intangible personal property of the California resident decedent was exempt from taxation and entered judgment vacating the order determining the value of the estate and amount of tax.

We affirm.

The issue presented is whether the transfer of intangible personal property, located in Indiana but owned by a California resident decedent, is a taxable transfer under the Indiana inheritance tax. The parties agree the intangible personal property is initially taxed by IC 6–4.1–2–1(a)(1)(ii) (Burns Code Ed., Repl.1978) [1] and IC 6–4.1–2–3(6) (Burns Code Ed., Repl.1978), [2] but dispute the application of the exemption provided by IC 6–4.1–3–5 (Burns Code Ed., Repl.1978) (repealed). Subsection (b) of this latter statute provides:

"Reciprocal exemptions for transfers of out-of-state property.

. . . . .

(b) The transfer of an interest in personal property is exempt from the inheritance tax if:

(1) The property is not tangible personal property having an actual situs in this state;

(2) At the time of his death, the transferor is a resident of another state, a United States' territory, or a foreign country; and

(3) At the time of his death, the death tax laws of the transferor's state, territory, or country of residence provide a similar, reciprocal exemption for non-residents of the state, territory, or country."

Trustee claims a California statute, West's Ann.Rev. & Tax.Code, § 13851, satisfies the requirements of IC 6–4.1–3–5(b)(3) in providing, in part:

"13851. Intangibles of nonresident. Intangible personal property is exempt from the tax imposed by this part if the decedent at the time of his death was a resident of a territory or another state of the United States."

1.  IC 6–4.1–2–1(a)(1)(ii) reads:
    "An inheritance tax is imposed at the time of a decedent's death on certain property interests transfers made by him. The transfer of a property interest is subject to tax if:
    (1) The property transferred is described in:
    (ii) Section 3[6–4.1–2–3] of this chapter if the property is transferred by non-resident decedent."

2.  IC 6–4.1–2–3(6) (amended) reads:
    "Transfers by nonresident decedent subject to inheritance tax.—The inheritance tax applies to a property interest transfer made by a non-resident decedent if the interest transferred is in:
    (6) Any other intangible personal property which is physically located in this state."

Department, relying upon *Indiana Dept. of Revenue v. Estate of Ida B. Griffith*, (1959) 129 Ind.App. 278, 156 N.E.2d 395, argues the California statute fails to provide a "similar, reciprocal exemption."

*Griffith* involved shares of stock in an Indiana corporation owned by a Georgia resident and located in Georgia. The Georgia statute imposed a tax on a nonresident who owned or controlled property located in Georgia. The Estate argued "property" referred to tangible personal property physically present in Georgia and thus the shares of stock were not subject to taxation by Georgia. In support of its position, the Estate offered in evidence the opinions of the Georgia Attorney General and a Georgia attorney that Georgia would not levy a transfer tax upon an Indiana resident similarly situated.

The Department of State Revenue countered with the argument that the Estate had not met its burden of proving the Georgia laws granted a reciprocal or similar exemption to Indiana residents as required by the Indiana statute. This court agreed with the Department. By examining the legislative history, the *Griffith* court determined the legislative intent behind the Indiana statute was to require the domiciliary state of the nonresident to affirmatively provide reciprocal exemption provisions for nonresidents by legislative enactments or judicial rulings. Hence, an exemption by inference or a discretionary failure to tax did not qualify because it did not assure Indiana residents of reciprocal treatment in the same manner as an express reciprocal exemption provision.

The decision of the *Griffith* court is succinct: the failure of officials of Georgia to levy a tax under a statute that gives them the right to tax or not to tax is

"not in itself conclusive that such state is granting the reciprocity necessary for application of the reciprocity section of the Indiana Inheritance Tax Law ... especially in the absence of any case law of such state."

129 Ind.App. at 288, 156 N.E.2d at 400. This holding, requiring the nonresident's domiciliary state to affirmatively provide exemptions for nonresidents by statute or judicial rulings, does not, as the Department contends, require identical, dependent exemption provisions. Were Department's position correct, the decision in *Griffith* would not have included a search for judicial rulings interpreting Georgia law but, instead, would have concluded with an examination of the Georgia statute to determine if it "tracked" the Indiana statute.

We believe the Department's reliance on *Griffith* is unavailing for another reason. The clause in the exemption statute in effect at the time of the *Griffith* decision which, conceivably, could have been interpreted as requiring identical, dependent exemption provisions, was deleted at the time the exemption statute with which we are concerned was enacted.

The *Griffith* exemption statute read:

"6–4–1–26[7–2427]. Nonresidents' estates—Reciprocity.—The tax imposed by the provisions of this act [6–4.1–1—6–4.-1–40] in respect of personal property, except tangible personal property having an actual situs in this state, shall not be payable if the transferor at the time was a resident of a state or territory of the United States, or of any foreign country, which at said time of his death, by the laws of such state, territory or country of residence of the transferor contained a reciprocal exemption provision under which nonresidents were exempted from transfer taxes or death taxes of every character in respect of personal property, except tangible personal property having an actual situs therein: Provided, That the state, territory or country of residence of such nonresidents allowed a similar exemption to residents of the state, territory, or country of residence of such transferor. For the purpose of this section the District of Columbia and possessions of the United States shall be considered territories of the United States. [Acts 1931, ch. 75, § 27, p. 192.]"

If the "Provided" clause were interpreted as limiting the applicability of the Indiana

exemption statute to the residents of other states whose exemption statutes exempt Indiana residents from their transfer taxes only if Indiana statutes exempt their residents, the clause would require identical dependent exemption provisions in the exemption statutes of both states.[3] However, this assumed interpretation is unavailing. Since *Griffith* the legislature deleted the substance of the "Provided" clause when replacing the exemption statute in 1976 with the following statute:

"Reciprocal exemptions for transfers of out-of-state property.—

(a) For purposes of this section, the term 'United States' territory' includes the District of Columbia and any United States possession.

(b) The transfer of an interest in personal property is exempt from the inheritance tax if:

(1) The property is not tangible personal property having an actual situs in this state;

(2) At the time of his death, the transferor is a resident of another state, a United States' territory, or a foreign country; and

(3) At the time of his death, the death tax laws of the transferor's state, territory, or country of residence provide a similar, reciprocal exemption for nonresidents of the state, territory, or country."

IC 6–4.1–3–5 (repealed).

■ Looking now at California, we first determine that this sister state imposes a state transfer tax on intangible personal property located within the State. Therefore, this is not a case where there is a complete failure to tax. Nor is the California law so ambiguous that reciprocity must be inferred. Rather, the California statute is clear:

"Intangible personal property is exempt from the tax imposed . . . if the decedent at . . . death was a resident of a territory or another state of the United States."

Thus California, by specific legislative enactment, exempts intangible personal property owned by a nonresident decedent from its transfer tax, affording Indiana residents the very protection deemed intended by the earliest Indiana statutory provision.

The question remains whether the express California exemption fails because its benefits are not dependent on the nonresident's state similarly exempting the property of California residents. That is, California exempts intangible personal property located in California but owned by a nonresident decedent even though the domiciliary state of the nonresident decedent taxes the intangible personal property of a California resident located within the domiciliary state.

This question can be answered by an examination of the applicable Indiana exemption law. IC 6–4.1–3–5(b)(3) has two requirements:

(1) The exemption must be reciprocal, i. e., mutual; and

(2) The exemption must be similar, i. e., generally resemble one another.

We believe the California statute fulfills these requirements.

(1) The exemptions are reciprocal: They are mutual in that California exempts Indiana residents and Indiana exempts California residents; and

(2) The exemptions are similar: They apply to intangible personal property owned by nonresidents.

We interpret the requirement of a similar, reciprocal exemption as involving only an inquiry into the situation between the nonresident's domiciliary state and Indiana. The situation between the nonresident's domiciliary state and some third state is not Indiana's concern. Thus it is not Indiana's concern if California chooses to exempt the intangible personal property of all nonresidents from transfer taxes, whether or not the nonresidents' states would exempt the same property of a California resident. That is California's prerogative.

---

**3.** This interpretation results from the word "nonresidents" referring to Indiana residents and the word "transferor" referring to nonresidents of Indiana.

In conclusion, the test is simple. Indiana exempts the disputed property from taxation if California exempts the same property of an Indiana resident from its transfer tax. Because California specifically and affirmatively exempts the property in question if owned by a nonresident, so, too, Indiana exempts the same property if owned by a nonresident. The trial court's judgment is correct.

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.